IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAVID IMMING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| **STATE FARM FIRE AND CASUALTY** | ) |
| **COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## COMPLAINT

COMES NOW, Plaintiff David Imming ("Plaintiff"), by and through his undersigned attorneys, and for his causes of action against Defendant State Farm Fire and Casualty Company ("Defendant"), states and alleges as follows:

## PARTIES

1. At all times material hereto, Plaintiff is an individual who resides in and is domiciled in Pottawatomie County, Kansas.

2. Defendant is incorporated in Illinois, with its principal place of business in Bloomington, Illinois.

3. Defendant is authorized to transact insurance business in Kansas as a foreign insurance company and has appointed the Kansas Commissioner of Insurance as its agent for service of process.

## JURISDICTION AND VENUE

4. This is an action for damages in excess of $75,000, excluding interest and costs.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the property that is the subject of this action is situated in this District.

7. Plaintiff owns the property located at 406 W. Mission Street, Saint Marys, KS 66536 ("the Property").

## FACTS

8. In consideration for the premiums paid prior to March 13, 2024, Defendant issued a residential insurance policy for the Property bearing policy number 16-EL-7397-8 ("the Policy") for the policy period from December 30, 2023, through December 30, 2024 ("the Policy Period"). A true and correct copy of the Policy is attached hereto as **Exhibit A**.

9. The Policy reflected the parties' agreement, wherein Defendant agreed to make payment in the event of a covered loss, risk, and/or peril, in consideration for the premium paid by Plaintiff.

10. At all times material hereto, Plaintiff timely paid, and Defendant accepted, consideration in the form of premium payments.

11. On or about March 13, 2024 (hereinafter "Date of Loss"), a severe weather event, which included high-velocity wind, snow, ice, and/or large hail, seriously damaged the Property.

12. At all times material hereto, Plaintiff owned the Property up to and including on the Date of Loss.

13. Plaintiff promptly reported the loss to and filed a claim with Defendant.

14. Defendant acknowledged the claim and assigned claim number 16-65C6-52G (hereinafter "the Claim").

15. Defendant was afforded the opportunity to fully inspect the Claim, investigate the cause of the Claim, and quantify the amount of the Claim.

16. Defendant inspected the Property in its investigation of the Claim.

17. Defendant determined that the Policy provided coverage for the cause of loss ("Coverage Determination") and made payments thereon, but only for a portion of the damage caused by the storm. Defendant then communicated that Coverage Determination via an initial payment letter dated April 19, 2024 and a subsequent partial denial letter dated April 22, 2024 (the "Letter"). True and correct copies of the Letters are attached hereto as **Exhibit B** and **Exhibit C**, respectively.

18. However, despite Defendant's Coverage Determination that the cause of the damage to the Property was covered, it nevertheless refused coverage for substantial portions of the damage caused.

19. Plaintiff, by and through his agents, submitted to Defendant an independent evaluation of the damages (the "Estimate"), which approximated the damages to the Property that were caused by the storm to be approximately $170,402.92. A true and correct copy of the Estimate is attached hereto as **Exhibit D**.

20. The Estimate describes repairs, remediation, construction, mitigation, cleaning and/or other services that are necessary to remediate the damage caused by the storm and return the Property to its pre-loss condition.

21. The exclusions to which Defendant referred in the April 22, 2024 Letter either (a) do not apply at all to Plaintiff's loss, (b) have been waived by Defendant's admission of coverage for the cause of loss and/or by Defendant's failure to expressly tie the damages allegedly excluded to the Policy language excluding them, and/or (c) to the extent they apply at all, do not exclude coverage for all of the losses for which Defendant appears to be relying on them.

22. Defendant was furnished with timely notice of the Claim, proof of loss and a demand for payment, but Defendant has willfully refused, and continues to refuse, to pay all of Plaintiff's Claim.

23. The loss occurred during the Policy Period.

24. Plaintiff has performed all of his duties and obligations under the Policy.

25. The loss was not the result of repeated seepage and/or leakage.

26. The loss was not the result of age-related seam deterioration or prior repairs or degradation.

27. The loss was not the result of wear, tear, marring and/or deterioration.

28. The loss was not the result of inherent vice, latent defect, defect or mechanical breakdown.

29. The loss was not the result of preexisting damage.

30. The loss was not the result of faulty, inadequate and/or defective planning, zoning, development, surveying, siting, design, specifications, workmanship, repair, maintenance, construction, renovation, remodeling, grading and/or compaction.

31. Damage from melting ice, wind, snow and/or hail are covered perils, and the damage to Plaintiff's Property was caused by these covered perils.

32. All conditions precedent to coverage under the Policy have been performed, have occurred, and/or have been waived.

33. Defendant's conduct has caused Plaintiff to, *inter alia*, retain the services of counsel.

## COUNT I
## BREACH OF APPRAISAL PROVISION
## DECLARATORY AND INJUNCTIVE RELIEF

34. Plaintiff adopts, re-alleges, and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

35. This is an action for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202, which arises out of an existing and actual controversy between Plaintiff and Defendant (collectively, the "Parties") concerning the Parties' rights and obligations under the Policy.

36. In particular, pursuant to a Homeowners Amendatory Endorsement (Kansas), the Policy included the following provision (the "Appraisal Provision"):

> **Appraisal.** If *you* and *we* fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal. Only *you* or *we* may demand appraisal. A demand for appraisal must be in writing. *You* must comply with **SECTION I – CONDITIONS, Your Duties After Loss** before making a demand for appraisal. At least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed.
>
> a. Each party will select a competent, disinterested appraiser and notify the other party of the appraiser's identity within 20 days of receipt of the written demand for appraisal.

*See* Exh. A (Policy) at 6-7.

37. By letter dated January 2, 2025, Plaintiff demanded appraisal pursuant to the Appraisal Provision. A true and correct copy of that letter (without attachment) is attached hereto as **Exhibit E**.

38. Defendant acknowledged receipt of the demand and that it "establishe[d] the dispute for this claim," but refused to participate in an appraisal, stating that the Appraisal Provision did not apply to *this* dispute over the amount of Defendant's payment of the claim. A

true and correct copy of Defendant's refusal to participate in an appraisal is attached hereto as **Exhibit F**.

39. Accordingly, there is a current dispute or controversy between Plaintiff and Defendant over whether the Appraisal Provision applies to the Parties' dispute over Defendant's refusal to pay for all of the repairs set forth on Exhibit D.

40. Declaratory relief would serve a useful purpose in clarifying the legal relations at issue and would resolve the Parties' dispute—both now and in the future—as to the scope of issues for which the Appraisal Provision properly applies.

41. Moreover, injunctive relief is necessary in order to afford Plaintiff the benefit of the Appraisal Provision.

42. The appraisal process is contractually mandated on demand of either party.

43. Plaintiff has demanded an appraisal pursuant to the terms of the Policy, but Defendant has refused to participate in appraisal of all damage sustained by Plaintiff.

44. Plaintiff is ready to designate his appraiser and proceed with appraisal pursuant to the terms of the Policy.

45. In the absence of declaratory and injunctive relief, Plaintiff will be irreparably harmed in that he will lose all benefit of the Appraisal Provision for which he contracted, as described herein.  No adequate remedy at law exists in the absence of declaratory and injunctive relief.

46. Because Defendant has failed to comply with the Policy and participate in appraisal without just cause or excuse, Plaintiff is entitled to recover a reasonable attorney's fee from Defendant pursuant to K.S.A. 40-908, 40-256, and/or other relevant law.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant on Count I, declare that the Appraisal Provision applies to all disputes concerning the proper amount of policy benefits to be paid under the Policy, declare that Defendant is required to comply with the terms of the Appraisal Provision in light of Plaintiff's invocation thereof, enter an injunction requiring Defendant to comply with the Appraisal Provision with respect to Plaintiff's current claim to Policy benefits, award Plaintiff his reasonable attorneys' fees and costs, and grant Plaintiff all such further relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

47.     Plaintiff adopts, re-alleges, and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

48.     Upon the issuance of the Policy, Plaintiff and Defendant entered into a valid and enforceable agreement.

49.     At all times pertinent hereto, Plaintiff timely paid, and Defendant accepted consideration in the form of premium payments.

50.     At all times material hereto, up to and including on the Date of Loss, the Policy was in full force and effect.

51.     Defendant breached the Policy by failing to pay the full amount of damages covered by the Policy.

52.     Moreover, in Kansas, "the duty of good faith and fair dealing is implied in every contract, with the exception of employment-at-will contracts.  The duty includes not intentionally and purposely to do anything to prevent the other party from carrying out his part of the agreement, or to do anything which will have the effect of destroying or injuring the right of the other party to

receive the fruits of the contract." *Bank of Am., N.A. v. Narula*, 46 Kan. App. 2d 142, 170 (2011) (internal quotation marks, brackets and citations omitted).

53. Defendant violated its duty of good faith and fair dealing by failing to properly investigate Plaintiff's claim in a timely fashion, by failing to comply with the Appraisal Provision—thereby robbing Plaintiff of the benefits of the Policy, and failing to pay Plaintiff the full Policy benefits for which he paid premiums.

54. As a direct and proximate cause of said breaches, Plaintiff has suffered, and continues to suffer, economic damages in an amount to be determined at trial.

55. Because Defendant has failed to pay the full Policy benefits without just cause or excuse, Plaintiff is entitled to recover a reasonable attorney's fee from Defendant pursuant to K.S.A. 40-908, 40-256, and/or other relevant law.

56. Plaintiff is entitled to recover prejudgment interest from Defendant pursuant to K.S.A. 40-2,126 and/or K.S.A. 16-201.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant on Count II, and award him compensatory damages in an amount to be determined at trial, his reasonable attorneys' fees and costs, pre- and post-judgment interest as provided by law, and for such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Demand is hereby made for trial by jury of all issues so triable, as a matter of right.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas, as the place of trial of this action.

Dated: October 7, 2025.

          Respectfully submitted,

          By: */s/ M. Cory Nelson*
          M. Cory Nelson, D. Kan. # 78428
          MCN Law LLC
          8600 W. 110th Street, Suite 214
          Overland Park, KS 66210
          Email: mcorynelson@mcnlawllc.com
          Tel: 913-358-5800
          *Local Counsel for Plaintiff*

          Yisroel Silverman, Esq.
          FL Bar No. 1011445
          INSURANCE LITIGATION GROUP, P.A.
          1500 NE 162nd Street
          North Miami Beach, FL 33162
          Telephone: (786) 529-0090
          Facsimile: 866-239-9520
          E-Mail: yisroel@ilgpa.com;
          service@ilgpa.com
          *Counsel for Plaintiff (pro hac vice motion forthcoming)*